UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSE ENCARNACION LOVATON GUERRERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv966 DRL-SJF |

OPINION AND ORDER

Immigration detainee Jose Encarnacion Lovaton Guerrero, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Guerrero is a citizen of Mexico who entered the United States in 2020 on a temporary farmworker visa [7-1]. The visa only permitted him to stay until November 2020, but he did not return to Mexico when it expired and instead remained in the United States. In 2025, removal proceedings were initiated against him and he was briefly detained, although an immigration judge later granted him release on bond. In 2026, he was arrested by local law enforcement in Indiana for a criminal offense. In May 2026, his bond was canceled and he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents in Indiana pursuant to an administrative warrant. He was then transferred to Miami Correctional Facility pending the conclusion of his removal

proceedings. An immigration judge ordered him removed to Mexico in June 2026, and he waived his right to appeal to the Board of Immigration Appeals (BIA) [11-1].

Mr. Guerrero alleged in his petition, filed in June 2026, that he was being wrongfully denied an opportunity for release on bond during the pendency of his removal proceedings as required by 8 U.S.C. § 1226(a). It appears he may have been unaware of the immigration judge's order at the time the petition was filed. The Warden responds that the petition should be denied because Mr. Guerrero's removal proceedings have become final and he is subject to mandatory detention under 8 U.S.C. § 1231. Mr. Guerrero filed a reply reiterating his desire to be released on bond due to hardship posed to his family by his detention.[1]

The Warden first argues that this court lacks subject matter jurisdiction over the petition. The court has thoroughly considered its jurisdiction to review immigration detention under 8 U.S.C. §§ 1225, 1226, and 1231. For reasons given before, jurisdiction is secure. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853 (N.D. Ind. Mar. 26, 2026) (regarding § 1231); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (regarding § 1225 and § 1226).

Turning to the merits, the Warden argues that Mr. Guerrero has entered the 90-day "removal period" specified in § 1231, making his current detention mandatory. Under that statute, detention is mandatory while the government works to effectuate a noncitizen's

[1] After the parties briefed the issue of Mr. Guerrero's entitlement to bond under § 1226(a), the court ordered supplemental briefing because the status of his removal proceedings was unclear from the record. The parties have since filed those supplements.

removal. 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). The 90-day removal period begins on the latest of:

> **(i)** The date the order of removal becomes administratively final.
>
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Mr. Guerrero's removal period began on June 18, 2026, when an immigration judge ordered him removed and he waived his right to appeal.[2] *See* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1241.1(b) (removal proceedings become administratively final when noncitizen waives appeal). The removal period will continue through at least September 16, 2026, making his current detention mandatory under § 1231. Beyond this 90-day removal period, certain classes of noncitizens may be detained even longer—what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes,

[2] It appears Mr. Guerrero is attempting to appeal to the BIA notwithstanding his appeal waiver [11-1]. *See Melesio-Rodriguez v. Sessions*, 884 F.3d 675, 678 (7th Cir. 2018); *Alexander-Mendoza v. Att'y Gen. United States*, 55 F.4th 197, 205 (3d Cir. 2022); *see also* 8 C.F.R. § 1003.3(a)(1) ("A Notice of Appeal may not be filed by any party who has waived appeal pursuant to § 1003.39."). This court is without jurisdiction in habeas to review the validity of the appeal waiver that occurred during the removal proceedings. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9) (directing "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter" to occur in a petition for review filed with an appropriate court of appeals and removing jurisdiction in habeas corpus over such questions of law or fact). Therefore, for purposes of this habeas petition, the removal order remains final as of the date the order was issued and Mr. Guerrero waived appeal unless the waiver is found to be invalid by the BIA or reviewing court of appeals.

such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6).

To avoid a constitutional due process problem with § 1231(a)(6), including for a noncitizen who remains in the country after being ordered removed, the law requires that detention be limited to a reasonable time—namely "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001). At this point, it is unknown whether—and, if so, for how long—Mr. Guerrero will be held past the 90-day removal period, or if he will be released following the initial post-order custody review. *See* 8 C.F.R. § 241.4(h). Based on the present record, Mr. Guerrero has not shown an entitlement to federal habeas relief.

For these reasons, the court DENIES the petition [2] and DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED.

September 18, 2026

*s/ Damon R. Leichty*
Judge, United States District Court